**UNITED STATES of America, Appellee,**

v.

**James Lamont JOHNSON, Appellant.**

No. 89–2576.

United States Court of Appeals, Eighth Circuit.

Submitted April 30, 1990.

Decided June 11, 1990.

Before JOHN R. GIBSON, and WOLLMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

BRIGHT, Senior Circuit Judge.

James Lamont Johnson appeals from a final judgment of the district court reinstating his conviction for escape from a halfway house in violation of 18 U.S.C. § 751(a). We affirm.

This appeal follows from an order of remand. In *United States v. Johnson*, 873 F.2d 1137 (8th Cir.1989), this court held that Johnson had established a prima facie case of race discrimination under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and remanded the case to the district court to afford the government the opportunity to offer racially neutral explanations for peremptorily striking two black venirepersons, and Johnson the opportunity to demonstrate that the proffered reasons were pretextual.

On July 27, 1989, the district court conducted a hearing. The prosecutor explained that he peremptorily had struck two black venirepersons, as he had struck a white venireperson, because of their employment with the Division of Family Services, based on the belief they would be sympathetic to Johnson's defense. The prosecutor also explained that he had struck a black alternate juror because the juror was inattentive during voir dire, but retained two white alternate jurors because

they worked in positions with substantial responsibility.

Johnson's counsel argued that the prosecutor proffered pretextual reasons for the strikes on the basis that the prosecutor had refused to offer any reasons at the time of the strikes. The prosecutor refused to offer an explanation at that time because he had believed that Johnson failed to establish a prima facie case of discrimination when at least two blacks remained on the jury panel. *See United States v. Johnson,* 873 F.2d at 1139 (rejecting contention "that the mere presence of two blacks on a jury automatically negates a *Batson* violation").

 In a published opinion, the district court found that the prosecutor offered racially neutral explanations based on employment and that those explanations were not pretextual. *United States v. Johnson,* 721 F.Supp. 1077 (E.D.Mo.1989). The district court's ruling constitutes a finding of fact subject to the clearly erroneous rule. *United States v. Wilson,* 884 F.2d 1121, 1124 (8th Cir.1989) (en banc). The record, in our view, supports the finding of the district court. Accordingly, we must affirm.

While affirming the district court's crucial finding and judgment, we reject the dictum in the district court's opinion in which the court expresses disagreement with the rationale underlying *Batson.* In *Batson,* Justice Powell, writing for the Court, stated

> [r]acial discrimination in selection of jurors harms not only the accused whose life or liberty they are summoned to try. Competence to serve as a juror ultimately depends on an assessment of individual qualifications and ability impartially to consider evidence presented at a trial. * * * A person's race simply 'is unrelated to his fitness as a juror.'

*Batson,* 476 U.S. at 87, 106 S.Ct. at 1718 (quoting *Thiel v. Southern Pacific Co.,* 328 U.S. 217, 227, 66 S.Ct. 984, 989, 90 L.Ed. 1181 (1946) (Frankfurter, J., dissenting)). The opinion reminds prosecutors of "their duty to exercise their challenges only for legitimate purposes." *Id.* 476 U.S. at 99 n. 22, 106 S.Ct. at 1724 n. 22, and emphasizes the function of the trial court in ruling on challenges under *Batson.*

> By requiring trial courts to be sensitive to the racially discriminatory use of peremptory challenges, [the *Batson* ] decision enforces the mandate of equal protection and furthers the ends of justice. In view of the heterogeneous population of our Nation, public respect for our criminal justice system and the rule of law will be strengthened if we ensure that no citizen is disqualified from jury service because of his race.

*Id.* at 99, 106 S.Ct. at 1724 (footnote omitted).

The judgment of the district court is affirmed.