**UNITED STATES of America, Appellee,**

v.

**Arkeefe SHERRILLS a/k/a Keith Foster, Appellant.**

**No. 89–2824.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1990.

Decided March 28, 1991.

**394**

Richard Banks, Clayton, Mo., for appellant.

Steven Holtshouser, Asst. U.S. Atty., St. Louis, for appellee.

Before JOHN R. GIBSON, MAGILL and BEAM, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Arkeefe Sherrills was convicted of possessing more than five grams of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1) (1988), and sentenced to eighty-seven months in prison. On appeal, he argues that the government improperly used its peremptory strikes to eliminate blacks from the jury in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). He also argues that the district court[1] improperly allowed an expert to testify on redirect examination about an error in his earlier testimony, and that the conviction should be reversed because the prosecutor misstated the evidence in her closing argument. We affirm the conviction.

The venire for this case included six blacks out of a total of 33 people. One black was struck for cause. The government then attempted to use peremptory strikes to eliminate the other five blacks from the jury. The district court determined that there was a prima facie case of impropriety under *Batson v. Kentucky,* and required the government to come forward with a neutral explanation for its challenges. *See* 476 U.S. at 97, 106 S.Ct. at 1723. The prosecutor stated that she had challenged three of the blacks because they were inattentive. She stated that the first of these three had incorrectly answered that she had served as the foreperson on a previous jury. After the court explained the meaning of "foreperson," that venirewoman quickly corrected her answer. The second of these three had failed to answer a voir dire question about whether any one on the venire had any relatives who worked for the government, though his juror form showed his wife was a postal service employee. The third failed to answer a question about whether any venire member worked for the government, though his form showed he was a postal service employee. He did, however, give that information when venire members were asked if any of their relatives worked for the government.

The prosecutor stated that she challenged the next black because she had never been employed. The propriety of this challenge is moot because the woman encountered the defendant's girl friend during a break in the voir dire and was removed for cause as a result of their conversation.

The prosecutor stated that she challenged the sixth black on the panel because he was unemployed and she viewed this as indicating a lack of stability.

The court accepted the government's explanation of the three challenges on the grounds of inattentiveness. However, it disallowed the challenge of the sixth black on the grounds of unemployment and reinstated the challenged venireman to the jury.

Therefore, the question before us is whether the district court was clearly erro-

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

neous in concluding that the government's three strikes on the avowed grounds of "inattentiveness" were exercised for racially neutral reasons. *United States v. Jackson,* 914 F.2d 1050, 1052 (8th Cir.1990).

Sherrills argues that the term "inattentiveness" is too subjective and not susceptible to proof. Further, he argues that the prosecutor's claim that a person was inattentive cannot be refuted without a complete record of the voir dire, such as a video tape, in order to determine whether white venire members were similarly inattentive.

■ We have in the past considered inattentiveness or inability to follow the evidence to be a valid, racially neutral basis for exercising peremptory challenges. *United States v. Hoelscher,* 914 F.2d 1527, 1541 (8th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 971, 112 L.Ed.2d 1057 (1991); *United States v. Davis,* 871 F.2d 71, 72 (8th Cir.1989); *United States v. Rodrequez,* 859 F.2d 1321, 1325 (8th Cir.1988), *cert. denied,* 489 U.S. 1058, 109 S.Ct. 1326, 103 L.Ed.2d 594 (1989). *Accord, United States v. Roberts,* 913 F.2d 211, 214 (5th Cir.1990).

We are, however, concerned about the generality of such an explanation as inattentiveness for the striking of venire members. Determining who is and is not attentive requires subjective judgments that are particularly susceptible to the kind of abuse prohibited by *Batson.* There is the additional problem that judging attentiveness requires observations of demeanor that will often not be reflected by the written record. This difficulty is compounded by the need to compare the attentiveness of the challenged venire members with those who were not challenged.

These factors make the district court's observations particularly crucial. We believe a prosecutor's explanation of challenges on the grounds of inattentiveness deserves careful scrutiny by the district court, and special care by counsel to fully develop the record concerning the specific behavior by venire members motivating counsel to make a peremptory challenge based on inattentiveness.

■ On the record before us, however, we can only conclude that there was support for the challenges made, and Sherrills has not demonstrated that the district court's ruling was clearly erroneous.[2]

■ We have considered Sherrills' other arguments and conclude they have no merit. Permitting the expert to explain the mistake in his own testimony was well within the district court's discretion, and Sherrills' attorney made very good use of the mistake in recross examination. As to the closing argument, Sherrills complains that no evidence supported the prosecutor's statement that "there is no humanly way possible that a single individual could ingest two grams and certainly not four grams a day." This was an inference that the prosecutor drew during the course of her argument from the evidence of the weight of a dosage unit of crack, and was within the district court's discretion to allow. Sherrills also complains of the prosecutor's incorrect statement that no pipe was found in the house where Sherrills was arrested. The prosecutor argued that if Sherrills had been so heavily addicted that he possessed 26 grams of crack for his personal use, he would have been smoking incessantly and would not have gone anywhere without a pipe. Sherrills did not object to the misstatement at trial, and in the light of the overwhelming evidence against Sherrills, this argument was at

---

2. Sherrills has called to our attention a number of cases arising from the Eastern District of Missouri, before and after *Batson,* stating that the United States Attorney's office there makes a practice of discriminatory use of peremptory challenges. *United States v. Johnson,* 721 F.Supp. 1077 (E.D.Mo.1989), *aff'd,* 905 F.2d 222 (8th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 304, 112 L.Ed.2d 257 (1990). We have

affirmed the district court's decision in *Johnson,* and we need not comment further on these cases. We are troubled, however, by the government's reliance on dicta of the district court in *Johnson,* a decision which openly criticizes *Batson.* It should not be necessary for us to say that district courts, district attorneys and this court must follow *Batson.*

most harmless error. *See United States v. Kragness*, 830 F.2d 842, 871 (8th Cir.1987).

The conviction is affirmed.