No. 95-2420

John Hudson,

     Appellant,

     v.

Tony Gammon,

     Appellee.

\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*      [UNPUBLISHED]
\*
\*
\*

Submitted:  January 11, 1996

Filed:  February 6, 1996

Before WOLLMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

In 1990, John Hudson was convicted of robbery in state court in Missouri.  His conviction was affirmed on direct appeal and upheld in state postconviction relief proceedings.  See State v. Hudson, 822 S.W.2d 477 (Mo. Ct. App. 1991).

Mr. Hudson petitioned for habeas relief under 28 U.S.C. § 2254(a) in federal district court in 1993.  The district court adopted the report and recommendations of a magistrate without de novo review and denied Mr. Hudson's petition.  On appeal of that denial, a panel of this court remanded the case for consideration of Mr. Hudson's objections to the magistrate's report and recommendations.  See Hudson v. Gammon, 46 F.3d 785 (8th Cir. 1995).  The district court, after de novo review, again denied Mr. Hudson's petition for habeas relief.  Mr. Hudson appeals; we affirm the judgment of the district court.

Mr. Hudson is black. The venire for his state trial included six black people. The prosecutor used peremptory challenges to strike three of those prospective jurors. Mr. Hudson concedes that one of those strikes was for a race-neutral reason but argues that the other two strikes were based on race and were therefore impermissible under Batson v. Kentucky, 476 U.S. 79, 88 (1986).

We assume for the purposes of this opinion, without deciding, that Mr. Hudson has shown sufficient "relevant circumstances [to] raise an inference that the prosecutor used [the exercise of peremptory challenges] to exclude the [two prospective jurors] from the petit jury on account of their race." Id. at 96. That showing precipitates an obligation upon the prosecutor "to come forward with a neutral explanation for challenging [the] black jurors." Id. at 97. That explanation must be "'clear and reasonably specific.'" Id. at 98 n.20, quoting Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 258 (1981).

In Mr. Hudson's case, the prosecutor noted that the two strikes were of postal employees and referred to his experience with postal employees as jurors, witnesses, and members of his family. Based on that experience, the prosecutor stated his opinion that postal employees possess "an attitude instilled in [them] ... [that] makes them much too liberal in their leanings, and also much too tolerant of activities that could be considered criminal[,] or [that makes them] poor jurors for the State." The state trial court then found that the prosecutor's explanation was "sufficient" and stated that the court was "satisfied" with that explanation. The state appellate court held that the state trial court "did not err [in] accepting the [prosecutor's] neutral explanations as legitimate." State v. Hudson, 822 S.W.2d 477, 481 (Mo. Ct. App. 1991).

The district court examined the record of the state court proceedings and concluded that the state court's findings relevant to the prosecutor's explanations were "fairly supported" by the record and were therefore entitled to the presumption of correctness provided by 28 U.S.C. § 2254(d)(8). Because the explanation given by the prosecutor was race-neutral, see, e.g., United States v. Miller, 939 F.2d 605, 607, 609 (8th Cir. 1991), and United States v. Johnson, 905 F.2d 222, 222-23 (8th Cir. 1990), cert. denied, 498 U.S. 924 (1990), see also United States v. Johnson, 941 F.2d 1102, 1109-10 (10th Cir. 1991), we find no error in the district court's treatment of Mr. Hudson's Batson claim.

II.

After the prosecutor's peremptory strikes, three black people remained on the prospective jury. Mr. Hudson contends in his appellate brief that two of those prospective jurors, both of them men, indicated that they knew "a key prosecution witness" (a police officer) and would "give ... [his] testimony more weight than [that of] another witness," and yet Mr. Hudson's trial lawyer failed either to move to strike those jurors for cause or to use peremptory challenges to do so. Because of these failures, Mr. Hudson argues that he suffered constitutionally significant ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 686 (1984).

Each of the prospective jurors in question acknowledged that it was "possible" that his acquaintanceship with the witness "might" influence him to consider the witness's testimony "a little more believab[le]" than the testimony of "somebody [the prospective juror] didn't know." Upon further questioning, however, each stated that he "would try to be fair" and felt that he could "set aside ... the fact that [he knew] the sergeant and hold him to the same level of credibility as anybody else."

At an evidentiary hearing in state court on Mr. Hudson's application for postconviction relief, Mr. Hudson's trial lawyer testified that he did not want an all-white jury and therefore retained the two jurors in question in the hope that they would show leniency in sentencing. (Actually, a black woman also remained in the venire at that point, but since the jury recommended that Mr. Hudson receive the minimum statutory sentence on each count, we note that his trial lawyer's hope was evidently not in vain.) The state court considering the application for postconviction relief then found that the testimony of Mr. Hudson's trial lawyer was credible with respect to his reasons for retaining the two jurors in question and that those reasons were a matter of trial strategy that was not unreasonable under the circumstances. The state appellate court held that the findings of the state court considering the application for postconviction relief were "not clearly erroneous." State v. Hudson, 822 S.W.2d 477, 483 (Mo. Ct. App. 1991).

The district court's examination of the state court record led it to conclude that the state court's findings of fact with respect to Mr. Hudson's trial lawyer's strikes were "fairly supported" in the record, see 28 U.S.C. § 2254(d)(8), and we agree with that assessment. We see nothing unreasonable about this strategy, given the emphasis in recent Supreme Court jurisprudence on the need for representational venires. See, e.g., J.E.B. v. Alabama ex rel. T.B., 114 S. Ct. 1419, 1424, 1427-28, 1428 n.13, 1430, 1430 n.19 (1994). We hold, accordingly, that Mr. Hudson has failed to meet his burden of showing that his trial lawyer's actions "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

III.

For the reasons stated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.