# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3164

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Jeremy Nance, also known as Frog, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 19, 2010
Filed: March 26, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jeremy Nance appeals the judgment of the district court[1] entered upon a jury verdict finding him guilty of conspiring to distribute and possess with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846, and 18 U.S.C. § 2 (Count I), and possessing with intent to distribute cocaine base on October 25, 2008, and on November 4, 2008, in violation of 21 U.S.C. § 841(a)(1), (b)(1) and 18 U.S.C. § 2 (Counts II and III); and sentencing him to concurrent terms of 120 months

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

in prison on all three counts, and 8 years of supervised release on Count I, with concurrent terms of 6 years of supervised release on Counts II and III. Defense counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence and the reasonableness of the sentence.

Following de novo review, considering the facts and resolving evidentiary conflicts in the light most favorable to the verdict, see United States v. Lewis, 593 F.3d 765, 769-70 (8th Cir. 2010), we conclude that the evidence was sufficient. The trial included the testimony of cooperating witness Antwan Wright--as corroborated by several law enforcement officials who conducted visual and audio surveillance--that Wright sold Nance distribution quantities of cocaine base, once or twice every few weeks, over several months. Wright also testified that he sold Nance an eighth of an ounce of cocaine base on both October 25 and November 4, 2008. This evidence was sufficient for a reasonable jury to find beyond a reasonable doubt that Nance was guilty of the offenses charged in the indictment. See United States v. Parker, 587 F.3d 871, 880-81 (8th Cir. 2009) (elements of conspiracy and possession-with-intent-to-distribute offenses); United States v. Coleman, 584 F.3d 1121, 1125 (8th Cir. 2009) (reviewing court does not weigh evidence or assess witness credibility).

In addition, the district court did not err in sentencing Nance to 120 months in prison, the statutory minimum applicable to Count I. See 21 U.S.C. §§ 841(b)(1)(B) and 851; United States v. Diaz, 546 F.3d 566, 568 (8th Cir. 2008) (review of district court's interpretation and application of Sentencing Guidelines is de novo, and if analysis is procedurally sound, then substantive reasonableness of sentence imposed is considered, applying abuse-of-discretion standard; where statutorily required minimum sentence is greater than maximum of applicable guideline range, statutorily required minimum sentence shall be guideline sentence); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (limited authority for court to depart below statutory minimum sentence).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.  Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____