United States Court of Appeals

For the Eighth Circuit

_____

No. 18-3398

_____

United States of America,

*Plaintiff - Appellee,*

v.

Burney Abdulah Peoples,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 28, 2019
Filed: July 11, 2019
[Unpublished]

_____

Before COLLOTON, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Burney Peoples appeals after he pleaded guilty to a drug offense and the district court[1] sentenced him to a term of imprisonment within the advisory guidelines

---

[1] The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

range. His counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). The brief argues that the district court erred in failing to depart to a lower criminal history category, or to vary downward based on an over-represented criminal history, because four of Peoples's criminal history points under the guidelines accrued from two convictions in 2006 for which he was sentenced on the same day. The brief also contends that the court erred in failing to grant a variance to bring Peoples's sentence in line with his codefendants, and that the court imposed a substantively unreasonable sentence. Peoples has not filed a pro se brief.

Upon careful review, we conclude that the district court did not err in sentencing Peoples. Because there was an intervening arrest between Peoples's 2006 convictions, the court correctly calculated Peoples's criminal history score by assessing points for both convictions even though he was sentenced for both on the same day. *See* USSG § 4A1.2(a)(2). We lack authority to review the district court's decision not to depart downward, as there is no indication that the court failed to recognize its authority to depart downward. *See United States v. Lopez-Arce*, 267 F.3d 775, 784 (8th Cir. 2001). We also conclude that the district court did not abuse its discretion in denying a downward variance, as it addressed Peoples's arguments and reasonably concluded a variance was not warranted. *See United States v. Lewis*, 593 F.3d 765, 773 (8th Cir. 2010).

We further conclude that the district court did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (substantive reasonableness is reviewed for abuse of discretion). The record establishes that the district court adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a). *See United States v. Wohlman*, 651 F.3d 878, 887 (8th Cir. 2011). In addition, we may presume on appeal that a sentence within the advisory guidelines range is substantively reasonable. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014).

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and there are no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____