# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3501

_____

United States of America

*Plaintiff - Appellee*

v.

Garland Lightfoot

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: July 25, 2019
Filed: July 30, 2019
[Unpublished]

_____

Before LOKEN, GRUENDER, and STRAS, Circuit Judges.

_____

PER CURIAM.

Garland Lightfoot directly appeals after he pled guilty to a drug offense and the district court[1] imposed a within-Guidelines sentence. His counsel has moved for

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), suggesting that the district court abused its discretion in denying a downward variance. Lightfoot has filed a pro se brief, claiming that he received ineffective assistance of counsel.

We first conclude that the district court did not abuse its discretion in denying a downward variance, as the court considered Lightfoot's arguments and reasonably concluded that a variance was not warranted. <u>See</u> <u>United States v. Lewis</u>, 593 F.3d 765, 772-73 (8th Cir. 2010) (denial of downward variance was substantively reasonable where district court considered defendant's arguments and reasonably exercised its discretion). Next, we decline to address Lightfoot's pro se ineffective-assistance claim on direct appeal. <u>See</u> <u>United States v. Hernandez</u>, 281 F.3d 746, 749 (8th Cir. 2002) (ineffective-assistance claim is generally not cognizable on direct appeal; instead, such claim is properly raised in 28 U.S.C. § 2255 action). Finally, we have independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____