# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3203
_____

United States of America

*Plaintiff - Appellee*

v.

Alejandro Acosta, also known as Alex

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: April 17, 2020
Filed: July 20, 2020
[Unpublished]
_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Upon his release from prison in July 2014, Alejandro Acosta began a five-year term of supervised release originating from his conviction on drug conspiracy and firearm charges. On February 13, 2015, Acosta, a permanent resident of the United States, contacted his probation officer in Iowa and advised his officer that he had

been summoned to a meeting with an Immigration and Customs Enforcement (ICE) officer on February 16, 2015. Fearing that he would be deported to Mexico, Acosta did not report to the ICE meeting. On March 19, 2015, Acosta telephoned his probation officer and acknowledged that he failed to appear for the ICE interview and advised that he was residing in Mexico. He had no further contact with probation officers for the next four and one-half years and his whereabouts were unknown.

In September 2019, Acosta was arrested in Arizona after a traffic stop. Acosta's supervised release was revoked after his admission of two supervised release violations: failure to notify probation of a residence change and failure to report as required to his probation officer. The parties agreed that the United States Sentencing Guidelines range for the two Grade "C" violations was 5 to 11 months. The United States recommended an upward variance to 24 months and Acosta recommended a within-Guidelines range sentence. The district court[1] sentenced Acosta to a term of imprisonment of 24 months to be followed by a term of supervised release of five years.

Acosta contends that his sentence is substantively unreasonable because the district court failed to give adequate weight to the fact that these are Acosta's only violations of supervised release, he has committed no new law violations, and, when apprehended during the traffic stop, he possessed no drugs or firearms. He further asserts that the district court erred in giving significant weight to Acosta's immigration status.

"We review the reasonableness of [a] revocation sentence for abuse of discretion." United States v. Asalati, 615 F.3d 1001, 1006 (8th Cir. 2010). In reviewing a sentence, we take "into account the totality of the circumstances." Gall

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

v. United States, 552 U.S. 38, 51 (2007); see also United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A court abuses its discretion if it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (internal quotation marks omitted); see also 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a) . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . .").

While the district court, in explaining its decision to vary upward, highlighted Acosta's criminal history and the nature and circumstances of his supervised release violations, including his absconding for four and one-half years, the court also heard argument touching on Acosta's record while on supervised release and had before it the probation office's Supervised Release Worksheet and Recommendation, which summarizes Acosta's performance while under supervision. Further, Acosta's attorney discussed Acosta's family circumstances, argued that Acosta absconded out of fear of deportation, and pointed out that Acosta had no drugs or firearms in his possession when he was apprehended.

The district court acted within its discretion in varying upward. See United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (providing that the district court's upward variance is reviewed for abuse of discretion). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Borromeo, 657 F.3d 754, 757 (8th Cir. 2011) (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)). That the district court gave greater weight to some factors and less weight to those factors urged by Acosta does not show an abuse of discretion. See United States v. Lewis, 593 F.3d 765, 773 (8th Cir. 2010) ("The

-3-

district court considered [defendant's] arguments for a downward variance but appropriately exercised its discretion in rejecting them.").

Finally, the record reflects that the district court's sentencing decision was ultimately driven by Acosta's criminal history and the need for deterrence rather than Acosta's alien status or the possibility that he would be deported as a result of his federal convictions. Moreover, we reject Acosta's contention that alien status is an improper or irrelevant sentencing factor. See Asalati, 615 F.3d at 1006-07. Accordingly, we reject Acosta's contention that the district court considered an improper or irrelevant sentencing factor. Asalati, 615 F.3d at 1007 ("Although the district court referenced [defendant's] alien status and expressed frustration with the inability to remove him, the district court's sentencing determination, properly viewed, was not based on [defendant's] alien status or removability . . . .").

Finding no abuse of discretion, we affirm the judgment of the district court.

_____