United States Court of Appeals

For the Eighth Circuit

_____

No. 23-3679

_____

United States of America

*Plaintiff - Appellee*

v.

Orlandis Fred Murriel

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: July 5, 2024
Filed: July 11, 2024
[Unpublished]
_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Orlandis Murriel appeals the within-Guidelines sentence imposed by the district court[1] after he pleaded guilty to a drug offense. His counsel has moved for

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sentence as substantively unreasonable. Murriel has filed a pro se brief arguing that the district court erred in denying a downward variance, and that his sentence violates the Eighth Amendment. Murriel has also moved for appointment of new counsel.

Upon careful review, we conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive reasonableness under deferential abuse-of-discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). Further, the court considered Murriel's motion for a downward variance and concluded that a variance was not warranted. <u>See</u> <u>United States v. Lewis</u>, 593 F.3d 765, 773 (8th Cir. 2010) (denial of downward variance was substantively reasonable, as court considered arguments for downward variance and exercised its discretion in rejecting them). We also conclude there is no merit to Murriel's argument that his sentence violates the Eighth Amendment. <u>See</u> <u>United States v. Contreras</u>, 816 F.3d 502, 514 (8th Cir. 2016).

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we affirm, we grant counsel leave to withdraw, and we deny Murriel's motion to appoint new counsel.

_____