# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-1342

_____

United States of America

*Plaintiff - Appellee*

v.

Lowell Baisden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 16, 2012
Filed: April 26, 2013

_____

Before SMITH, BEAM, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

Lowell Baisden, ("Baisden"), pursuant to a plea agreement, pleaded guilty to aiding and abetting tax evasion, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2. The agreement stipulated that, based on Baisden's guilty plea, the government would dismiss three counts of a four-count indictment. Two days prior to sentencing, Baisden broke off communications with his defense counsel. Baisden's court-

appointed defense counsel, John Vanderslice, ("Vanderslice"), moved to withdraw as counsel of record due to the disagreement. Baisden did not oppose the motion, but he did argue that he had entered his guilty plea in reliance on bad advice from Vanderslice. The district court[1] denied Vanderslice's motion and sentenced Baisden to 37 months in prison and three years of supervised release. Baisden timely appealed, asserting that the district court denied him his Sixth Amendment right to the counsel of his choice. We affirm.

## I. *Background*

Baisden was a licensed certified public accountant (CPA) and provided accounting, tax preparation, and consulting services. Baisden prepared tax returns for a married couple, Michael Koning and Susan Baisden-Koning[2], and in doing so submitted false tax returns in an effort to evade the income tax owed by the couple to the United States. The government indicted Baisden on five counts, including violating 18 U.S.C. § 371, Count I; violating 26 U.S.C. § 7201 and 18 U.S.C. § 2, Count II, Count III, and Count V; and willfully attempting to evade and defeat the income tax due for a married couple in the amount of $236,217, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2., Count IV.

Baisden pleaded guilty to Count IV in exchange for the government dismissing the remaining counts in the indictment. The plea agreement stated that Baisden understood that he was pleading guilty to aiding and abetting the commission of tax evasion, which carried penalties including a maximum of five years in prison, a maximum $250,000 fine, and supervised release up to three years. The plea agreement contained a clause stipulating that if Baisden breached the agreement, then he could not withdraw his guilty plea. The plea agreement also stated that "defendant

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

[2]Susan Baisden-Koning is Lowell Baisden's sister.

waives the right to withdraw the defendant's plea of guilty" and "defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5)." The plea agreement further stated that Baisden had read it, discussed it with his attorney, and fully understood its meaning and effect. Baisden notes that the clause in the plea agreement that stated "defendant has consulted with counsel and is satisfied with counsel's representation" was inserted at the government's behest. Baisden, Vanderslice, and the Assistant United States Attorney signed the plea agreement.

Baisden indicated, by checking "yes" to questions on his petition to enter a guilty plea, that he "had enough time to talk with [his] attorney," was "satisfied with the job [his attorney had] done for [him]," and understood his various constitutional rights and the implications of waiving those rights. Baisden also checked the spaces indicating he understood that there was no guarantee that the sentence would be within the Sentencing Guidelines range and that the sentence was "solely a matter for the judge to decide." Baisden accepted responsibility for his criminal behavior and indicated that his "attorney [had] gone over all of these questions and [his] answers to them." At the plea hearing, Baisden stated under oath that he worked with his counsel on the plea of guilty and acknowledged signing the petition to enter a plea of guilty and the plea agreement. The plea agreement stated: "By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect."

At Baisden's plea hearing, the following colloquy took place.

THE COURT: Your lawyer is Mr. Vanderslice. Is that true?

THE DEFENDANT: Yes.

THE COURT: Have you had enough time to talk with him?

THE DEFENDANT: Yes.

THE COURT: This is a complex matter. Have you thoroughly discussed this case with him?

THE DEFENDANT: Yes.

THE COURT: Have you told Mr. Vanderslice everything he needs to know about your case?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with the job Mr. Vanderslice has done for you?

THE DEFENDANT: Yes.

THE COURT: Do you understand the charges?

THE DEFENDANT: Yes.

The court and Baisden also had the following colloquy about pleading guilty.

THE COURT: Has anyone made any promises to you that causes you to plead guilty aside from the promises made in the plea agreement?

THE DEFENDANT: No.

THE COURT: Has any judge, officer, attorney, or any agent of any branch of government, federal, state or local, promised, suggested or predicted that you would receive a lighter sentence or probation or some other form of leniency if you plead guilty?

THE DEFENDANT: No.

THE COURT: Has any judge made any such suggestion to you?

THE DEFENDANT: No.

Prior to sentencing Vanderslice moved to withdraw as Baisden's attorney because his relationship with Baisden had broken down. Vanderslice had represented Baisden for two and a half years but had recently had a heated argument with Baisden about legal strategy. Baisden responded to Vanderslice's motion, contending that due to counsel's failures he did not fully understand the offense to which he was pleading guilty. According to Baisden, he had made it clear to Vanderslice that he wanted to plead guilty to a non-tax related crime so that he could keep his CPA license. Baisden also contended that Vanderslice failed to advise him that he would be responsible for a tax loss of more than $1.5 million, an amount that necessitated incarceration. Baisden further argued that he did not feel responsible for the full amount of the tax loss asserted by the government. Also in response to Vanderslice's motion, Baisden stated that Vanderslice had assured him he would receive a probationary sentence when he entered a guilty plea—a fact important to Baisden because he wanted remain out of prison to care for his mother. Baisden also stated that he had provided an extensive analysis of his case to Vanderslice and provided tactical advice, which Vanderslice ignored. Finally, Baisden asserted he requested that Vanderslice withdraw his guilty plea, but that Vanderslice refused.

After an in camera hearing, the district court denied Vanderslice's motion to withdraw as counsel. Before denying the motion the court stated,

> The Rule 11 colloquy and the petition to enter a plea of guilty just establish beyond any shadow of a doubt that no reasonable person could have come to those conclusions that Mr. Vanderslice was somehow representing that he would be able to obtain a probationary sentence with house arrest.

According to the presentence investigation report (PSR), Baisden's conduct assisted 11 taxpayers in evading $2,031,196.57 in taxes. The PSR recommended a

base offense level of 22 and made several positive and negative adjustments, resulting in a total offense level of 30. After the in camera hearing, Baisden counseled with Vanderslice and another attorney. At the sentencing hearing, the day after the in camera hearing, Vanderslice announced to the court that the defense and the government had agreed on various stipulations for calculating the Guidelines range, resulting in a total offense level of 23 for a range of 46 to 57 months' imprisonment. Baisden acknowledged that he was aware of these stipulations and he approved the resolution of the sentencing issues. The court granted Baisden's motion for a variance from the calculated Sentencing Guidelines range and sentenced Baisden to 37 months in prison and three years of supervised release. Baisden timely appealed.

## II. *Discussion*

Baisden argues that the district court violated his Sixth Amendment right to counsel of his choosing by forcing Vanderslice to represent him even though Baisden was justifiably dissatisfied with Vanderslice. First, Baisden argues that he is dissatisfied with Vanderslice, because at the only time when he could have withdrawn his guilty plea, Vanderslice deprived him of his ability to prove a fair and just reason for withdrawing his guilty plea. Second, Baisden contends Vanderslice admitted to a conflict of interest and admitted there was no longer an effective attorney-client relationship. Third, he asserts that Vanderslice violated the duty of loyalty by refusing to speak with him. Fourth, Baisden argues Vanderslice refused to raise defenses Baisden wanted him to raise. Baisden contends that based on his dissatisfaction with Vanderslice, the district court abused its discretion in denying Vanderslice's motion to withdraw.

The Sixth Amendment guarantees a criminal defendant the right to counsel. U.S. Const. amend. VI. We review a denial of a motion for new counsel under the abuse of discretion standard. *United States v. Barrow*, 287 F.3d 733, 737 (8th Cir. 2002). "Appointment of new counsel is warranted only when the defendant

-6-

demonstrates justifiable dissatisfaction with his appointed attorney." *Id*. (citing *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992)).

> When faced with a motion to appoint substitute counsel, the district court must balance several factors, including "the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job."

*Id*. at 738 (quoting *Hunter v. Delo*, 62 F.3d 271, 274 (8th Cir. 1995)). "The focus of the justifiable dissatisfaction inquiry is the adequacy of counsel in the adversarial process, not the accused's relationship with his attorney." *Id*. at 738.

> Justifiable dissatisfaction includes an irreconcilable conflict or a complete breakdown in communication. *Hunter*, 62 F.3d at 274. But it does not include a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous representation. *Swinney*, 970 F.2d at 499. Thus, a defendant has no right to an attorney who will docilely do as she is told, *Hunter*, 62 F.3d at 275, or to a "meaningful relationship" with appointed counsel. *Swinney*, 970 F.2d at 499.

*Id*. at 738. The erroneous deprivation of a defendant's right to counsel is a structural error that requires reversal of the conviction and is not amenable to harmless error review. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144–45 (2006).

Baisden, a CPA, clearly stated during the plea agreement and in open court during a colloquy with the district court that he had thoroughly discussed his case with his counsel, was satisfied with the job his counsel had done, and that no one had made any promises of leniency in exchange for his guilty plea. Furthermore, the plea agreement outlined the charge to which Baisden was pleading, the possible sentence, and was signed by Baisden, his counsel, and the Assistant United States Attorney.

Our review of the record confirms that the district court properly reviewed Baisden's request for new counsel and correctly denied it. Furthermore, Baisden's attempted withdrawal of his guilty plea had no factual or legal support to justify granting it. On the other hand, there is ample support for concluding that Baisden's defense counsel, Vanderslice, provided Baisden competent, effective assistance of counsel.

We find no abuse of discretion.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____