# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2981

_____

United States of America

*Plaintiff - Appellee*

v.

Derrick T. Haggard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 6, 2013
Filed: June 10, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 2012, a jury found Derrick Haggard guilty of 27 counts of a 59-count indictment charging eight co-defendants with conspiracy, in violation of 18 U.S.C. § 371; bank fraud, in violation of 18 U.S.C. § 1344; check-counterfeiting, in violation of 18 U.S.C. § 513(a); and aggravated identity theft, in violation of 18 U.S.C.

§ 1028A. The district court[1] sentenced Haggard to an aggregate term of 216 months in prison and 5 years of supervised release, and ordered restitution of $76,295.68. Haggard appeals, raising a number of claims in a counseled brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), and in a pro se supplemental brief. For the reasons that follow, we affirm.

Haggard has not challenged the sufficiency of the evidence, which included the testimony of six cooperating co-defendants who entered guilty pleas. Briefly, the evidence showed that Haggard and his co-defendants participated in a scheme that involved breaking into mailboxes and stealing mail, creating counterfeit checks using information from some of the stolen mail, cashing or attempting to cash the counterfeit checks at FDIC-insured financial institutions, using false identification documents they created or obtained, and recruiting others to assist in the scheme.

Addressing the arguments raised on appeal, we first conclude that the district court did not abuse its discretion in denying defense counsel's motion to withdraw shortly before trial, given that Haggard did not express justifiable dissatisfaction with counsel at the hearing. <u>See</u> <u>United States v. Baisden</u>, 713 F.3d 450, 454 (8th Cir. 2013). We also find no error in the denial of Haggard's motion to dismiss the indictment pursuant to the Speedy Trial Act, which was not violated by the grant of a co-defendant's motion for a continuance. <u>See</u> 18 U.S.C.A. § 3161(c)(1), (h)(1); <u>United States v. Arrellano-Garcia</u>, 471 F.3d 897, 899 (8th Cir. 2006) (under Speedy Trial Act, exclusions of time attributable to one defendant apply to all co-defendants). Further, the district court properly denied Haggard's objection to the jury pool, and his related request for a change of venue, because Haggard did not assert that a "systematic exclusion" of African Americans caused their under-representation on the jury venire. <u>See</u> <u>United States v. Rodriguez</u>, 581 F.3d 775, 790 (8th Cir. 2009). As

_____

[1]The Honorable Richard E. Dorr, late a United States District Judge for the Western District of Missouri.

to Haggard's claim regarding false testimony, we note that witness credibility is solely within the jury's province. See United States v. Wiest, 596 F.3d 906, 910 (8th Cir. 2010).

We find none of the other alleged trial errors to be prejudicial. In particular, the district court did not abuse its discretion when it denied Haggard's motion for a mistrial and instead instructed the jury to disregard a comment by the prosecutor during his opening statement. See United States v. Urbina, 431 F.3d 305, 310 (8th Cir. 2005) (to be entitled to mistrial, defendant needed to establish that comments prejudicially affected his substantial rights so as to deprive him of fair trial); see also United States v. Patterson, 684 F.3d 794, 799 (8th Cir. 2012) (jurors are presumed to follow court's instructions), cert. denied, 133 S. Ct. 992 (2013). Nor did the court abuse its discretion in denying an overnight recess after a witness became temporarily ill on the witness stand, or in denying Haggard's request to play for the jury an hour-long video of a police interview of a co-defendant who had already acknowledged relevant content of the video during cross-examination. See United States v. Chahia, 544 F.3d 890, 896 (8th Cir. 2008) (court of appeals will reverse district court's denial of continuance only if court abused its discretion and moving party was prejudiced as result); United States v. Frayer, 9 F.3d 1367, 1373-74 (8th Cir. 1993) (trial courts have discretion to place reasonable limits on presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence).

Finally, we see nothing in the record to suggest that the district court abused its discretion in imposing sentence, and we conclude that the sentence was not unreasonable.

We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____