# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1239

_____

United States of America

*Plaintiff - Appellee*

v.

Johnny L. Chatmon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 18, 2013
Filed: February 5, 2014

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Following a jury trial, Johnny Chatmon was convicted of unlawful possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). Chatmon appeals his conviction, arguing that the Government did not present

sufficient evidence to support the jury verdict and that the district court[1] erred in refusing his proposed theory-of-defense jury instruction. For the reasons discussed below, we affirm.

While on patrol on the evening of January 19, 2012, Omaha Police Officer Joshua Kelley noticed a vehicle driving without headlights or taillights. He activated his emergency lights in order to pull over the vehicle. It continued on for approximately two blocks before pulling over, during which time Officer Kelley observed the driver moving around inside the vehicle. Once the vehicle stopped, Officer Kelley approached and asked the driver, Johnny Chatmon, for the vehicle's registration. Chatmon presented him with a rental car agreement, which did not list Chatmon as an authorized driver. Instead, it listed only De-Borah Williams, later identified as Chatmon's mother, as an authorized driver. After contacting the rental car company and running a background check, Officer Kelley detained Chatmon.

Officer Kelley impounded the vehicle at the request of the rental agency and conducted an inventory search. During the search, Officer Kelley noticed that the change tray in the center console was loose. He removed the loose tray, revealing a compartment containing a firearm. He then placed Chatmon under arrest. Subsequent searching of the vehicle also revealed several textbooks and some electrical equipment, which were identified as belonging to Chatmon. Once he was placed under arrest, Chatmon insisted that he had not been driving the vehicle but rather "that he was walking down the street and that [the police officers] were setting him up."

A grand jury indicted Chatmon on one count of being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At trial,

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

Williams testified that she had rented the vehicle on January 13. Although she had discussed with Chatmon that he was not permitted to drive the vehicle, he nevertheless drove it at least once. Williams testified that no one other than she and Chatmon had driven the vehicle while it was leased to her. She also testified that she does not own any firearms and had never seen the firearm that was found in the rental vehicle. The jury returned a guilty verdict, and Chatmon was sentenced to sixty-eight months' imprisonment.

On appeal, Chatmon challenges his conviction on two grounds. First, he argues that the district court erred in denying his motion for a judgment of acquittal on the ground that the Government did not present sufficient evidence to support the jury's verdict. We review the denial of a motion for a judgment of acquittal based on the sufficiency of the evidence *de novo*. *United States v. Goodale*, 738 F.3d 917, 922 (8th Cir. 2013). "We will affirm unless, viewing the evidence in the light most favorable to the Government and accepting all reasonable inferences that may be drawn in favor of the verdict, no reasonable jury could have found [the defendant] guilty." *United States v. Bynum*, 669 F.3d 880, 883 (8th Cir. 2012). "To convict [a defendant] under 18 U.S.C. § 922(g)(1), the government needed to prove [that]: (1) [he] had previously been convicted of a crime punishable by imprisonment of more than one year; (2) he knowingly possessed a firearm; and (3) the firearm had been in or affected interstate commerce." *United States v. Garrett*, 648 F.3d 618, 622 (8th Cir. 2011). Chatmon stipulated to the first and third elements of the offense and contests only the sufficiency of the evidence that he knowingly possessed the firearm found in the rental vehicle.

Knowing possession of a firearm under § 922(g) may be either actual or constructive. *Id.* "Constructive possession requires that the defendant has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself. Constructive possession may be established by circumstantial evidence alone, but the government must show a sufficient nexus between the

defendant and the firearm." *Id.* (internal citations and quotation marks omitted) (quoting *United States v. Evans*, 431 F.3d 342, 345 (8th Cir. 2005)).

The Government presented ample evidence to permit the jury to find beyond a reasonable doubt that Chatmon knowingly possessed the firearm found in the rental vehicle. Chatmon was the driver and sole occupant of the rental vehicle in which the firearm was found. *See United States v. Tindall*, 455 F.3d 885, 887 (8th Cir. 2006) (finding constructive possession where defendant was driver and sole occupant of vehicle at time of incident); *United States v. Hiebert*, 30 F.3d 1005, 1009 (8th Cir. 1994) (finding constructive possession because firearm was "found in the vehicle that [the defendant] was driving"). Officer Kelley testified that after he had turned on his emergency lights but before Chatmon had pulled over, he could see Chatmon moving around in the vehicle. The jury could have reasonably inferred from this testimony that Chatmon was hiding the firearm in the center console compartment. *See United States v. Maloney*, 466 F.3d 663, 667 (8th Cir. 2006) (holding that "quick and unusual movements by the driver of the car" before search of vehicle could permit jury to infer "that the driver may have been trying to hide an object in the back seat"); *United States v. Stevens*, 453 F.3d 963, 966 (7th Cir. 2006) ("As the officers approached the vehicle, Stevens bent and leaned over for several seconds, [permitting] the inference [that] he was placing the pistol underneath the seat."). Williams testified that the firearm was not hers and that she was the only other person who had operated the vehicle since she had taken possession of it. The jury could have reasonably inferred from this testimony that Chatmon placed the firearm in the vehicle. The textbooks and electrical equipment found in the vehicle were determined to belong to Chatmon. *See United States v. Knox*, 888 F.2d 585, 588 (8th Cir. 1989) (holding that presence of possessions belonging to the defendant in vehicle supported conclusion that defendant constructively possessed cocaine found in vehicle). Finally, after being arrested, Chatmon stated that he had not been driving the rental vehicle. Because this statement conflicted with Officer Kelley's testimony, the jury could have inferred that the statement was false and that its falsity indicated consciousness of guilt. *See*

*United States v. Walker*, 393 F.3d 842, 847 (8th Cir. 2005) (holding that defendant's lying to arresting officers supported knowing possession of firearm); *United States v. Penn*, 974 F.2d 1026, 1028 (8th Cir. 1992) ("False exculpatory statements are admissible as substantive evidence tending to show guilt."). Taken together, this evidence permitted the jury to infer that Chatmon knew that the firearm was present in the vehicle and that he exercised dominion and control over it. Thus, the Government presented sufficient evidence from which a reasonable jury could conclude beyond a reasonable doubt that Chatmon knowingly possessed the firearm found in the rental vehicle.

Chatmon counters that the firearm could have been left in the vehicle by a prior lessee. At trial, an employee of the car rental agency testified that although the interior of every returned car is inspected, the inspection is "more like a glance" than a "detailed search." This testimony could have permitted the jury to conclude that a prior lessee—rather than Chatmon—placed the firearm in the vehicle. But the jury did not draw that inference. "[T]he facts and circumstances relied on by the government must be consistent with guilt, but they need not be inconsistent with any other hypothesis, and it is enough to convict if the entire body of evidence is sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty." *United States v. Lam*, 338 F.3d 868, 872 (8th Cir. 2003) (quoting *United States v. Chavez*, 230 F.3d 1089, 1090 (8th Cir. 2000)). As explained above, the Government presented sufficient evidence to permit the jury to find that Chatmon knowingly possessed the firearm found in the rental vehicle.

In his second point on appeal, Chatmon argues that the district court erred in refusing to give his proposed theory-of-defense jury instruction. Chatmon proposed the following "mere presence" instruction:

> Johnny Chatmon contends he was merely present in the vehicle and did
> not know a firearm was in the vehicle. Mere presence or proximity to

a firearm is not enough to support a finding that defendant knowingly possessed a firearm, unless you find beyond a reasonable doubt Johnny Chatmon knew the firearm was present in the vehicle and intended to exercise dominion and control over the firearms [sic] either directly or indirectly.

The district court declined to give this instruction because other instructions adequately conveyed the substance of the proposed instruction.

"We review a district court's rejection of defendant's proposed instruction for abuse of discretion . . . ." *United States v. Ironi*, 525 F.3d 683, 688 (8th Cir. 2008) (quoting *United States v. Hayes*, 518 F.3d 989, 994 (8th Cir. 2008)). We will affirm so long as the jury instructions given by the district court, "taken as a whole, fairly and adequately submitted the issues to the jury." *United States v. Engelmann*, 720 F.3d 1005, 1011 (8th Cir. 2013) (quoting *United States v. Whitehill*, 532 F.3d 746, 751 (8th Cir. 2008)). "Defendants are entitled to a theory of defense instruction if it is timely requested, is supported by the evidence, and is a correct statement of the law . . . ." *Id.* (quoting *Whitehill*, 532 F.3d at 752).

However, a defendant is not entitled to a particularly worded instruction where the instructions given by the trial judge adequately and correctly cover the substance of the requested instruction. A mere presence instruction is unnecessary where it would have duplicated the instructions outlining the elements of the offense, the definition of possession, and the burden of proof.

*United States v. Cantrell*, 530 F.3d 684, 692 (8th Cir. 2008) (internal citation and quotation marks omitted).

The district court did not abuse its discretion because the instructions it gave adequately and correctly conveyed the substance of Chatmon's proposed instruction. Our decision in *Cantrell* is dispositive. In that case, the defendant—who was also

charged under 18 U.S.C. § 922(g)—requested a "mere presence" instruction nearly identical to the one requested by Chatmon. *Id.* The jury instructions given by the district court in *Cantrell* "required the jury to find beyond a reasonable doubt Cantrell 'knowingly possessed'" a firearm. *Id.* The district court also instructed the jury on the meaning of possession using Eighth Circuit Model Criminal Jury Instruction 8.02. *Id.* at 693. We held that the "'mere presence' instruction was unnecessary in Cantrell's case because it 'would have duplicated the instructions outlining the elements of the offense, the definition of possession, and the burden of proof.'" *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 637 (8th Cir. 2004)). In this case, the district court similarly instructed the jury that, in order to convict Chatmon, it must find beyond a reasonable doubt that he knowingly possessed a firearm. And its instruction defining "possession" is identical to that given by the district court in *Cantrell*. Because this case is not materially distinguishable from *Cantrell*, we likewise conclude that the district court did not abuse its discretion by declining to give Chatmon's proposed "mere presence" instruction.

For the foregoing reasons, we affirm Chatmon's conviction.

_____