# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1976

_____

United States of America

*Plaintiff - Appellee*

v.

David Jermaine Griffith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 14, 2014
Filed: May 26, 2015

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Police found shotgun parts in a car Appellant David Griffith was driving. A jury convicted Griffith for illegally possessing a firearm as a felon. Griffith asks us to reverse his conviction, asserting the Government did not produce sufficient evidence to show he had knowledge of the firearm in the car. In the alternative,

Griffith seeks a new trial because he contends the district court[1] improperly instructed the jury regarding possession. Because there was sufficient evidence of knowledge and because the district court did not improperly instruct the jury, we affirm.

I

David Griffith is a convicted felon, so he is ineligible to possess a firearm. See 18 U.S.C. § 922(g). At trial, the jury heard the following description of a burglary that took place on June 5, 2013, in Stewartville, Minnesota.

The victim's neighbor noticed someone taking items from the victim's home. The neighbor saw a bald man wearing a red shirt and jeans place a TV and what appeared to be a firearm in the back of a car. The neighbor later identified the man as David Griffith. The neighbor noticed Griffith appeared to be talking to someone else, but the neighbor did not see another person at the victim's home. The neighbor called the victim's work to determine whether the victim knew of Griffith's presence.

The victim believed a crime was taking place. The neighbor gave the victim the license plate number of the car Griffith was driving and told him that the car looked a bit like a silver Toyota Prius. The victim left work and called police, informing them of the burglary and giving the license plate number.

Police arrived at the scene and spoke to the neighbor. The neighbor described Griffith, his clothes, and the car he was driving. The neighbor also told police the license plate number. Police at the scene relayed those details to other officers and asked officers to stop the car if anyone saw it. Based on the neighbor's description,

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

one of the officers on the scene believed the car may have been a Dodge Caliber, so the officer relayed that detail to dispatch.

When the victim arrived home, he saw that someone had kicked in his door, and he followed police inside. The victim immediately noticed that someone had taken his TV. The victim then led police to a spare bedroom where he kept a gun safe. There, the victim noticed that two shotguns, a rifle, and some cash were missing from the safe. The victim told police that one of the shotguns did not have a barrel on it at the time it was stolen.

Officers performed a records check on the license plate number and began scouting the area in which the suspect car was registered. A little more than 20 minutes after the on-scene officer radioed to other officers, another officer noticed a Dodge Caliber and began following it. The license plate matched the one reported by the neighbor and the victim, so the officer followed the Caliber into a gas station. Once backup arrived, the officer arrested Griffith—who was wearing a red shirt and jeans. Griffith had two $100 bills in his pocket. A police sergeant looked in the hatchback portion of the car, and despite a cover pulled tightly over the area, he saw an Insignia brand TV and what appeared to be a shotgun receiver.[2] At trial, police testified the average time to travel from the victim's home to the gas station at which Griffith was stopped was around 18 minutes 40 seconds.

The police impounded the vehicle and obtained a search warrant. They executed the warrant the next day and found the victim's shotgun receiver and television.

---

[2]A shotgun receiver contains the operating parts of the shotgun. Under 18 U.S.C. § 921(a)(3)(B), the receiver constitutes a firearm.

A grand jury indicted Griffith for unlawfully possessing a firearm under 18 U.S.C. § 922(g). Griffith pleaded not guilty and went to trial. At trial, the Government adduced evidence that demonstrated the facts above.

During closing argument, the Government argued Griffith had stolen items from the victim's home along with an unknown accomplice. The Government argued Griffith possessed only one shotgun because the unknown accomplice had taken a portion of the loot, which included the two guns with barrels. The Government asserted "[i]t seems obvious where [the other guns] went. They're with the defendant's accomplice. . . . They are his partner's share of the take from that burglary." To prove Griffith's knowledge, the Government relied on the neighbor's testimony that the neighbor saw Griffith with a firearm.

Griffith's attorney attempted to downplay Griffith's involvement in the burglary. She admitted that Griffith had participated in the burglary and that Griffith had stolen the TV. She attacked the neighbor's testimony and tried to convince the jury that Griffith did not know of the guns. She emphasized that Griffith's accomplice must have taken the guns from the home and placed the shotgun receiver in Griffith's car without Griffith's knowledge.

After closing arguments, the district court told the jury the Government had to prove beyond a reasonable doubt that Griffith knowingly possessed the firearm. It explained that possession could be actual or constructive. At the end of its discussion regarding possession, over Griffith's objection, the district court modified an Eighth Circuit model jury instruction and told the jury,"To prove possession, the government is not required to prove that the defendant owned the firearm. Ownership is immaterial. Even brief possession may be the basis for a conviction of possessing a firearm." It then discussed the term "knowingly." The jury found Griffith guilty.

Griffith moved for a judgment of acquittal, but the district court denied his motion. Griffith appeals, asserting that we should grant a new trial because the district court improperly instructed the jury and that we should reverse his conviction because the Government failed to present sufficient evidence that he had knowledge of the shotgun receiver in the car he was driving.

II

With respect to the possession instruction, Griffith does not claim the district court misstated the law. Rather, he asserts the district court's instruction to the jury that "[e]ven brief possession may be the basis for a conviction of possessing a firearm" lessened the government's burden of proof in the case.

Griffith's defense strategy was to admit he took part in the burglary but to deny he knew of the shotgun receiver. Part of Griffith's argument relied on the short time between the burglary and the police stop. As Griffith explains in his appellate brief, "The whole question in the case boils down to whether [Griffith's] brief proximity to the firearm was a meaningful circumstance in support of the government's burden of proof." He contends the jury may have confused the district court's instruction regarding brief *possession* and instead believed that brief *proximity* to the firearm may have been sufficient for a conviction. Due to the possible confusion, Griffith asserts the district court abused its discretion by including the challenged instruction. We disagree.

District courts are afforded "broad discretion" to craft jury instructions. United States v. Lewis, 593 F.3d 765, 771 (8th Cir. 2010). When considering a challenge to jury instructions, we do not view the challenged instruction in isolation. Id. We instead look at the instructions as a whole. Id. We reverse a conviction and remand only when the district court's instructions did not "'accurately and adequately state the

relevant law'" and the error affected the defendant's substantial rights. Id. (quoting United States v. Stymiest, 581 F.3d 759, 763 (8th Cir. 2009)).

Griffith's argument seemingly ignores the context in which the challenged instruction was given. Before explaining that "brief possession may be the basis for a conviction," the district court described possession and reminded the jury that it must find "beyond a reasonable doubt that the defendant had actual or constructive possession." The district court told the jury that to find constructive possession, the defendant must "knowingly ha[ve] both the power and the intention at a given time to exercise dominion or control over a thing." Very shortly after its comment that "brief possession" may be enough for a conviction, the district court also defined the term "knowingly." Griffith, in effect, asks us to assume the jury ignored the other instructions given by the district court. We presume jurors follow the district court's instructions. United States v. Patterson, 684 F.3d 794, 799 (8th Cir. 2012). We find the district court did not abuse its discretion. The district court's instructions stated the relevant law both accurately and adequately. See Lewis, 593 F.3d at 771.

III

Griffith also contends we should reverse his conviction because the Government failed to prove he knowingly possessed the firearm. We review de novo the denial of a motion for judgment of acquittal based on the sufficiency of the evidence. United States v. Chatmon, 742 F.3d 350, 352 (8th Cir. 2014). We look at the evidence in the light most favorable to the verdict and accept all reasonable inferences that can be drawn from the verdict. Id. If evidence consistent with guilt exists, we will not reverse simply because the facts and the circumstances may also be consistent with some innocent explanation. Id. at 353. Even where the evidence "rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." United States v. Serrano-Lopez, 366 F.3d 628, 634 (8th Cir. 2004) (quoting Ortega v. united States, 270 F.3d 540, 544 (8th Cir. 2001)) (internal

quotation marks omitted). We will reverse only when "no reasonable jury could have found [the defendant] guilty." United States v. Bynum, 669 F.3d 880, 883 (8th Cir. 2012).

To find Griffith guilty under 18 U.S.C. § 922(g), the jury had to find that Griffith was a felon, that he knowingly possessed a firearm, and that the firearm had traveled through or affected interstate commerce. See 18 U.S.C. § 922(g); Chatmon, 742 F.3d at 352 (describing the elements of a felon-in-possession charge). Griffith concedes that the receiver qualifies as a firearm, that it traveled through interstate commerce, and that he is a felon. Griffith argues the Government failed to prove beyond a reasonable doubt that he knowingly possessed the receiver.

Griffith contends the Government proved simply that he was in close proximity to the gun but failed to demonstrate he ever knew about the gun. The Government's theory at trial was that Griffith had constructive possession of the gun, that Griffith and the unknown accomplice stole all three guns, and that the two barreled guns were the accomplice's take from the burglary. To prove this hypothesis, the Government presented evidence Griffith took part in the burglary, Griffith carried a gun at some point during the burglary, and Griffith was the sole occupant of a vehicle in which the receiver was found roughly 20 minutes after the burglary.

To prove constructive possession, the Government had to show Griffith "ha[d] dominion over the premises where the firearm is located." Chatmon, 742 F.3d at 352. Constructive possession can be proved by circumstantial evidence alone, but only if the government shows a "sufficient nexus between the defendant and the firearm." Id. (quoting United States v. Garrett, 648 F.3d 618, 622 (8th Cir. 2011)) (internal quotation marks omitted). Mere proximity to a firearm is not enough. See United States v. Pace, 922 F.2d 451, 453 (8th Cir. 1990).

Here, the Government showed more than mere proximity. Griffith was implicated in the burglary at which the gun was stolen. In United States v. Howard, 413 F.3d 861 (8th Cir. 2005), we upheld a felon-in-possession conviction after police found two stolen shotguns covered in a blanket in a van the defendant was driving. Witnesses linked the defendant to the theft, and a jury convicted the defendant of illegally possessing the firearms. Id. at 863. The Eighth Circuit affirmed the conviction despite the defendant's argument that the evidence of knowledge was insufficient. Id. at 864–65. Similarly, we have repeatedly found that when the sole occupant of a vehicle is found with a gun in the vehicle, this evidence is normally sufficient to uphold the conviction. See Chatmon, 742 F.3d at 352–53 (affirming a conviction in which the defendant was the sole occupant of a rental vehicle in which a firearm was found); United States v. Tindall, 455 F.3d 885, 887 (8th Cir. 2006) (affirming a conviction after police found a revolver under the passenger seat of a car in which the defendant was the sole occupant); United States v. Hiebert, 30 F.3d 1005, 1009 (8th Cir. 1994) (affirming conviction where firearm was "found in the vehicle that [the defendant] was driving").

In Griffith's case, a witness saw him participate in a burglary in which numerous firearms were stolen. A witness saw Griffith place a TV and a firearm in the car during the burglary. The firearm at issue in this case was stolen during that burglary and was found on top of the TV that was stolen during the same burglary. Griffith was stopped a mere 20 minutes after the burglary at a location that is, on average, 19 minutes away. Because the evidence was sufficient to allow a jury to conclude Griffith knew of the firearm, we will not disturb the verdict.

We affirm the judgment of the district court.

_____