# United States Court of Appeals

## For the Eighth Circuit

_____

No. 23-3716
_____

United States of America

*Plaintiff - Appellee*

v.

Nathan John Walz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 25, 2024
Filed: December 31, 2024
[Unpublished]

_____

Before GRUENDER, BENTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

A jury found Nathan John Walz guilty of possession with intent to distribute five or more grams of methamphetamine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B), possession of a firearm as a felon, *see* 18 U.S.C §§ 922(g)(1), 924(a)(8), and possession of a firearm in furtherance of drug trafficking, *see id.* § 924(c)(1)(A).

The district court[1] sentenced him to 120 months' imprisonment. Walz appeals, arguing that the district court erred in denying his motion for judgment of acquittal. Because Walz's convictions are supported by sufficient evidence, we affirm.

On November 1, 2022, Minneapolis Police Officers responded to a 911 call reporting someone slumped over in a vehicle at an intersection in South Minneapolis. There officers found Walz alone and unconscious behind the wheel of a running car registered in his name. Officer Davids secured a handgun located next to Walz on the center console, which was loaded and ready to fire, while Officers Wittrock and Randall placed Walz under arrest. They discovered two baggies of suspected narcotics in his pockets. A search of his car revealed the following: more suspected narcotics, several cellphones, a box of unused small baggies, a digital scale, a hidden "trap" compartment with an empty pistol holster, and a magnetized black case full of suspected narcotics. In total, officers seized twenty-eight grams of methamphetamine—approximately 140 doses. The FBI later extracted over 384 pages of text messages from the phones evidencing Walz's sales of not only methamphetamine, but also cocaine, heroin, fentanyl, and marijuana. Walz was indicted on two federal drug offenses and a federal firearm offense. A jury found Walz guilty of all three offenses. Walz appeals, arguing that the district court erred in denying his motion for judgment of acquittal.

We review *de novo* the denial of Walz's motion for judgment of acquittal based on the sufficiency of the evidence. *See United States v. Trejo*, 831 F.3d 1090, 1093 (8th Cir. 2016). "We view the evidence in the light most favorable to the guilty verdict" and "grant[] all reasonable inferences that are supported by that evidence." *United States v. Johnson*, 745 F.3d 866, 869 (8th Cir. 2014). "We will reverse the conviction only if . . . we conclude that no reasonable trier of fact could find guilt beyond a reasonable doubt." *United States v. Proffit*, 49 F.3d 404, 406 (8th Cir. 1995).

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

Walz first argues that the evidence was insufficient for a reasonable jury to conclude that he intended to distribute the methamphetamine in his possession. *See United States v. Wright*, 739 F.3d 1160, 1167 (8th Cir. 2014) (noting "intent to distribute" is an element of 21 U.S.C. § 841(a)(1)). Walz does not dispute that he possessed methamphetamine but argues that it was for his own personal use, not for sale. But at trial, the Government presented ample evidence establishing intent to distribute. The officers seized greater than typical user quantities of methamphetamine (twenty-eight grams at ninety-four percent purity). *See United States v. Vega*, 676 F.3d 708, 715, 721 (8th Cir. 2012) (permitting an inference of an intent to distribute where the defendant knowingly possessed 8.6 grams of methamphetamine at eighty percent purity). And Special Agent ("SA") Flanagan testified that the baggies, digital scale, magnetic box, trap compartment for hiding contraband, multiple phones, and firearm found in Walz's car are all tools of the drug trade. *See United States v. Barrow*, 287 F.3d 733, 736-737 (8th Cir. 2002) (intent to distribute satisfied where defendant possessed packaging material, cash, and 19.26 grams of crack cocaine). The jury also saw incriminating text messages between Walz and his customers, some sent within only three weeks of his arrest. Viewing this evidence in the light most favorable to the verdict, there was sufficient evidence for a reasonable jury to conclude that Walz intended to distribute the methamphetamine. Therefore, we find no error in the district court's denial of the motion for judgment of acquittal on this count.

We next address the argument that Walz did not knowingly possess the firearm discovered in his car. *See United States v. Garrett*, 648 F.3d 618, 622 (8th Cir. 2011) (listing knowing possession of a firearm as an element of 18 U.S.C. § 922(g)(1)). Although Walz challenged the sufficiency of the evidence regarding the drug-related offenses in his acquittal motion, he did not contest this particular offense before the district court. Accordingly, we review for plain error. *United States v. Garbacz*, 33 F.4th 459, 467 (8th Cir. 2022) (reviewing for plain error where the appellant forfeited the argument by failing to make it in a motion for judgment of acquittal). We will reverse only if, among other things, the court

committed a "clear and obvious" error. *See United States v. Chastain*, 979 F.3d 586, 592 (8th Cir. 2020).

Walz contends there was insufficient evidence to prove he knowingly possessed the firearm found next to him in the car because he was intoxicated and unaware of its presence. That argument fails. Forensics identified Walz's DNA on the gun and officers found the gun next to him on the center console. The Government also presented evidence establishing that Walz had constructive possession over the firearm because he "ha[d] dominion over the premises where the firearm . . . [was] located." *See United States v. Coleman*, 909 F.3d 925, 928, 932 (8th Cir. 2018) (possession may be constructive for 922(g)(1) purposes.) Walz was alone and behind the steering wheel of the car registered in his name where the gun was found. *See United States v. Chatmon*, 742 F.3d 350, 352-53 (8th Cir. 2014) (finding constructive possession where defendant was the driver and sole occupant of a rental vehicle). And pictures presented at trial showing piles of Walz's clothing in the car also suggested he was living in it. *See id*. at 353 (explaining constructive possession is supported where vehicle contained other personal possessions belonging to defendant). Accordingly, Walz has not shown that the district court committed an error—plain or otherwise—in denying his motion for judgment of acquittal on this count.

Finally, Walz argues the evidence was insufficient to convict him of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). The Government had to "prove a nexus between [Walz's] possession of the firearm and the drug crime." *See United States v. Goodrich*, 739 F.3d 1091, 1098 (8th Cir. 2014). Here, the gun was "quickly accessible" and "in close proximity to the drugs" found in Walz's vehicle. *See id*. And SA Flanagan testified that drug traffickers often use guns to protect their narcotics and sale proceeds and to collect debts owed by customers. *See id.* (expert testimony regarding firearm use in connection with drug trafficking supports § 924(c)(1)(A) conviction). A reasonable jury could infer from the evidence presented that Walz

possessed a firearm in furtherance of drug trafficking. Therefore, the district court did not err in denying Walz's motion for judgment of acquittal on this count.

Finding no error, we affirm.

_____